**Edd HARGETT, Candidate, State Senate District One, Relator,**

v.

**The Honorable Myra A. McDANIEL, Secretary of State of the State of Texas, et al., Respondents.**

No. 9517.

Court of Appeals of Texas, Texarkana,

Aug. 26, 1986.

Leonard E. Davis, Potter, Guinn, Minton, Roberts & Davis, Tyler, for Edd Hargett.

Javier Guajardo, Asst. Atty. Gen., Austin, for Myra McDaniel and Atty. General's Office.

Randall Buck Wood, Ray, Wood & Fine, Austin, for Richard Anderson.

CORNELIUS, Chief Justice.

Relator Edd Hargett asks leave to file a petition for writs of mandamus. He seeks to have this Court order the Secretary of State to disqualify Richard Anderson as a candidate in the special run-off election for State Senator of District One; order the Attorney General to defend the validity of Article 3, § 19 of the Texas Constitution; and order District Judge Sam Baxter to dissolve the injunction he entered in Cause No. 40,530 in the District Court of Harrison County which ordered the Secretary of State not to refuse to accept Anderson's application for a place on the ballot.

The State Senator for District One resigned effective April 29, 1986. The resignation created a need for a special election to fill the vacancy pursuant to Tex.Elec. Code Ann. § 203.001 et seq. (Vernon 1986), and the Governor called the initial election for August 9, 1986. Richard Anderson, County Judge of Harrison County, filed as a candidate. His term of office as County Judge of Harrison County ends on December 31, 1986. The Secretary of State notified Anderson's attorney that she could not accept his application for a place on the ballot because he was ineligible under the provisions of Tex. Const. art. 3, § 19, which provides as follows:

> No judge of any court, Secretary of State, Attorney General, clerk of any court of record, or any person holding a lucrative office under the United States, or this State, or any foreign government shall during the term for which he is elected or appointed, be eligible to the Legislature.

Anderson filed suit in the District Court of Harrison County for declaratory judgment and injunctive relief. Following a nonjury trial the district judge ruled that Anderson was entitled to have his name on the ballot and enjoined the Secretary of State and her agents from refusing to accept Anderson's application. The Secretary of State appealed the judgment to this Court, but later withdrew the appeal. While the appeal was still pending in this Court, the Texas Supreme Court refused leave for the Secretary of State to file a petition for mandamus in that court.

■ Relator contends that Tex.Const.art. 3, § 19 renders Anderson ineligible to be a candidate in either the initial or the run-off election, but we are not authorized to grant the relief he seeks because of the procedural posture in which this controversy has reached us. Because the Secretary of State withdrew her appeal of Judge Baxter's injunction we did not pass on the merits of the controversy, and the merits still have not been passed upon at the appellate level. While we would have had authority to decide the merits had the appeal been pursued, we do not have authority to issue a writ of mandamus against the Secretary of State or the Attorney General because of the provisions of Tex.Gov't Code Ann. § 22.002 (Vernon 1986) which provides that:

Only the supreme court has the authority to issue a writ of mandamus or injunction, or any other mandatory or compulsory writ or process, against any of the officers of the executive departments of the government of this state to order or compel the performance of a judicial, ministerial, or discretionary act or duty that, by state law, the officer or officers are authorized to perform.

The Secretary of State and the Attorney General are officers of the executive department of the State of Texas, Tex.Const. art. 4, § 1, and the acts sought to be compelled here constitute part of their duties.

It is true that Tex.Gov't Code Ann. § 22.221 (Vernon 1986) and Tex.Elec.Code Ann. § 273.061 (Vernon 1986) provide that the courts of appeals may issue writs of mandamus against public or political party officers in connection with the holding of general, special or primary elections, but the specific prohibition of Section 22.002 constitutes a limitation on the general powers granted by Sections 22.221 and 273.061.

Relator cites us to Tex.Elec.Code Ann. § 145.003(c) (Vernon 1986), referring to declarations of ineligibility prior to the beginning of absentee voting. This declaration of ineligibility, however, must be made by the authority with whom an application for a place on the ballot must be filed. The authority referred to is the Secretary of State, and this Court does not possess mandamus authority over the Secretary of State. Tex.Gov't Code Ann. § 22.002 (Vernon 1986).

■ In an addendum to his motion for leave to file his petition for writ of mandamus, filed just prior to oral argument, relator further requests relief against the canvassing boards of each county and the county clerks, alleging that these boards have the authority to declare Anderson ineligible. For authority, relator cites Tex. Elec.Code Ann. § 145.003(d) (Vernon 1986), stating that the presiding officer of the final canvassing authority for the office sought by a candidate may declare the candidate ineligible after the polls close on election day and, except as provided by Tex.Elec.Code Ann. § 145.003(e) (Vernon 1986), before a certificate of election is filed. Relator assumes that the county canvassing boards are the final canvassing authority referred to in the above-referenced election code section. However, in county elections for a district office, the final canvassing authority is the State Board of Canvassers, whose presiding officer is the Secretary of State. *See* Tex.Elec. Code Ann. § 67.010 (Vernon 1986). Consequently, relator must seek a writ of mandamus against the Secretary of State in order to invoke Section 145.003(d); such a writ, as above noted, does not lie within the authority of this Court. Tex.Gov't Code Ann. § 22.002 (Vernon 1986).

Because of the provisions of Section 22.002, Judge Baxter's injunction against the Secretary of State was improper. Nevertheless, his judgment became final when the appeal therefrom was abandoned. When his judgment became final he lost jurisdiction to modify it or set it aside. Moreover, to dissolve that injunction would afford no relief to relator since the injunction only ordered the Secretary of State not to refuse to place Anderson's name on the ballot, and his name is on the ballot. These facts, however, do not foreclose the pursuit of a writ of mandamus in the Supreme Court against the Secretary of State seeking the relief now sought in this Court.

For the reasons stated, leave to file the petition for writs of mandamus is respectfully denied.

GRANT, J., not participating.